PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| HCMF CORPORATION; HERITAGE HALL HOLDING LIMITED PARTNERSHIP; HERITAGE HALL XIII PARTNERSHIP; HCMF PARTNERSHIP VI; HCMF VI ADDITION LIMITED PARTNERSHIP; HCMF XV PARTNERSHIP, *Plaintiffs-Appellants,* v. CLAUDE A. ALLEN, Secretary of Health and Human Resources; ROBERT W. LAUTERBERG, Director of the Department of Medical Assistance Services, Commonwealth of Virginia; H. ALAN BIGLEY, JR.; DANIEL M. BRODY; LA TISHA OWENS CHATMAN; CATHERINE C. COLGAN; DENICE KING GARNER; STEVEN L. MINTER; JAMES T. PARMELEE; CATHERINE P. SAUNDERS; JAMES R. SMITH; JAMES L. MASLOFF, *Defendants-Appellees,* and JAMES GILMORE, The Governor of the Commonwealth of Virginia; THE DEPARTMENT OF MEDICAL ASSISTANCE SERVICES; FRANK MEDICO, *Defendants.* | No. 00-1360 |

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-98-297-7)

Argued: November 1, 2000

Decided: January 23, 2001

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

---

Affirmed by published opinion. Judge Wilkins wrote the opinion, in which Judge Widener and Judge Niemeyer joined.

---

## COUNSEL

**ARGUED:** Earle Duncan Getchell, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellants. Edward Meade Macon, Senior Assistant Attorney General, Richmond, Virginia, for Appellees. **ON BRIEF:** Robert T. Adams, Robert L. Hodges, William H. Baxter, II, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellants. Mark L. Earley, Attorney General, William H. Hurd, Solicitor General, Judith Williams Jagdmann, Deputy Attorney General, Gregory E. Lucyk, Assistant Attorney General, Richmond, Virginia, for Appellees.

---

## OPINION

WILKINS, Circuit Judge:

HCMF Corporation and several related corporate entities (collectively, "HCMF") brought this action pursuant to 42 U.S.C.A. § 1983 (West Supp. 2000) alleging that the Virginia Department of Medical Assistance Services (DMAS), which administers the Medicaid program in Virginia, violated HCMF's asserted statutory federal right to "reasonable and adequate" rates of reimbursement under the Medicaid program.[1] 42 U.S.C.A. § 1396a(a)(13)(A) (West 1992). After the dis-

---

[1] The suit named DMAS and several state officials as Defendants. For convenience, we will refer to Defendants collectively as DMAS.

trict court dismissed this claim as barred by the Eleventh Amendment, HCMF moved to amend its complaint to allege a new claim. The district court denied the motion to amend, reasoning that the claim HCMF sought to add to its complaint was indistinct from its original claim, and thus the amendment was futile. Although we conclude that the proposed amendment contained a different claim, we nevertheless agree with the district court that the amendment was futile. Accordingly, we affirm.

I.

HCMF operates several nursing homes in Virginia. The construction of the nursing homes was financed by bonds authorized by Industrial Development Authorities (IDA). HCMF secured the IDA bonds by obtaining insured mortgages from the U.S. Federal Housing Administration (FHA). The FHA mortgages have a slightly higher interest rate than the IDA bonds.

Medicaid is a joint federal-state program under which federal funds are made available to states that provide medical services to eligible recipients. *See Mowbray v. Kozlowski*, 914 F.2d 593, 595 (4th Cir. 1990). Although states that choose to participate must comply with certain federal Medicaid requirements, each state administers its own program. *See Cabell Huntington Hosp., Inc. v. Shalala*, 101 F.3d 984, 986 (4th Cir. 1996).

The federal Medicaid requirement relevant here was contained in the Boren Amendment: Each state was required to assure the federal government that under its Medicaid program the state reimbursed nursing facilities at rates that were "reasonable and adequate." 42 U.S.C.A. § 1396a(a)(13)(A). Congress repealed the Boren Amendment effective October 1, 1997. *See* Balanced Budget Act of 1997, Pub. L. No. 105-33, § 4711, 111 Stat. 251, 507-08 (1997). The new § 1396a(a)(13)(A) contains no substantive mandate; it merely requires that states determine their reimbursement rates via a "public process" that allows providers notice and an opportunity to comment on the proposed rates. *See* 42 U.S.C.A. § 1396a(a)(13)(A) (West Supp. 2000).

Under the Medicaid program in Virginia, DMAS reimburses nursing facilities that provide care to Medicaid clients for plant costs,

including incurred interest costs. *See* 12 Va. Admin. Code 30-90-30(A) (West 2000). DMAS reimbursed HCMF at the FHA mortgage interest rate for several years. In 1993, however, DMAS notified HCMF that henceforth it would reimburse HCMF at the IDA bonds interest rate and that it would seek a refund from HCMF for the years that DMAS reimbursed at the higher, FHA-mortgage interest rate.

HCMF filed this action in May 1998, claiming, as is relevant here, that reimbursement at the bond interest rate violated the Boren Amendment. The district court dismissed the claim for lack of juris-diction. The court concluded that the Eleventh Amendment barred any retrospective relief against the state and that no prospective or injunctive relief was possible because Congress repealed the Boren Amendment effective October 1, 1997. The court stated that "[w]ith the repeal of the Boren Amendment nothing remains that remotely resembles a federal right to reasonable and adequate rates." *HCMF Corp. v. Gilmore*, 26 F. Supp. 2d 873, 880 (W.D. Va. 1998).

HCMF moved to amend its complaint to add a new claim based on a December 1997 letter from the United States Health Care Financing Administration (HCFA) that allegedly continued the "reasonable and adequate" standard from the Boren Amendment. In the letter, HCFA opined that "states are not required to subject their existing rates to a public process to the extent that those existing rates were validly determined in accordance with legal standards in effect prior to Octo-ber 1, 1997." *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1095 (9th Cir. 1999) (internal quotation marks omitted), *cert. denied*, 120 S. Ct. 2197 (2000). HCMF urged that because DMAS had not adopted new rates pursuant to a public process since October 1, 1997, HCFA's letter effectively continued the "reasonable and ade-quate" standard of the Boren Amendment for DMAS' rates. HCMF alleged that the letter established a "federal policy [that] creates fed-eral rights enforceable" under § 1983. J.A. 237.

The district court denied HCMF's motion to amend. The court rea-soned that the proposed amendment asserted no new legal theory, but rather amounted to a request for reconsideration of the dismissal of the previous claim, and that amending the complaint would therefore be futile.

## II.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). We review the decision of a district court to grant or deny a motion to amend for abuse of discretion. *See id.*

We agree with HCMF's contention that the proposed amendment set forth a new legal theory. HCMF originally claimed that it had a federal right under the Boren Amendment itself for DMAS to pay reasonable and adequate rates of reimbursement. *See Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 509-10 (1990) (holding that Boren Amendment created substantive federal right, enforceable by health care providers, to reasonable and adequate rates). In the proposed amendment, HCMF sought to assert that HCFA's letter created a federal right to reasonable and adequate rates of reimbursement. Although both of these claims sought enforcement of the "reasonable and adequate" standard located in the Boren Amendment, the legal theory in the motion to amend was distinct—that a federal policy, rather than a federal statute, created a federal right. Accordingly, the district court was incorrect to consider the amendment merely a restatement of the original claim.

The issue thus becomes whether HCMF's proposed amendment was nevertheless futile.[2] HCMF asserts that the claim presented in the proposed amendment was not futile because other federal courts have permitted enforcement of the federal rights provided in the Boren Amendment despite its repeal. *See Belshe*, 188 F.3d at 1095, 1099; *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Agency for Health Care*

---

[2]HCMF contends that if we conclude that the proposed amendment raises a different legal issue than the original claim we must remand the action for the district court to consider in the first instance the merits of the new legal theory. However, the futility *vel non* of HCMF's motion to amend presents a purely legal question which we may now decide. *See Perry v. Bartlett*, 231 F.3d 155, 160 (4th Cir. 2000) (per curiam).

*Admin.*, 47 F. Supp. 2d 1352, 1357 (S.D. Fla. 1999), *vacated in part sub nom. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208 (11th Cir. 2000). *But cf. Children's Seashore House v. Waldman*, 197 F.3d 654, 659 (3d Cir. 1999) (holding, without addressing the potential impact of HCFA's letter, that the repeal of the Boren Amendment "removed a party's ability to enforce any substantive right"), *cert. denied*, 120 S. Ct. 2742 (2000). We conclude that HCFA's letter does not have the effect HCMF desires.

In *Belshe*, the Ninth Circuit held that HCFA's letter authorizes the continued application of the Boren Amendment standards, *see* 188 F.3d at 1095, and implicitly concluded that private parties may enforce the HCFA letter in a § 1983 action. We respectfully disagree with the latter conclusion. We have held that a formal regulation cannot by itself give rise to a federal right enforceable under § 1983. *See Smith v. Kirk*, 821 F.2d 980, 984 (4th Cir. 1987); *see also King v. Town of Hempstead*, 161 F.3d 112, 115 (2d Cir. 1998) (per curiam) (noting that the circuits are divided on the question of whether a regulation alone can create a federal right). A policy letter has even less legal stature than a regulation. *See Christensen v. Harris County*, 120 S. Ct. 1655, 1662-63 (2000) (holding that agency opinion letters and policy statements, unlike regulations, are not entitled to deference under *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). Thus, HCMF's claim is not cognizable regardless of whether the HCFA letter properly authorizes the application of Boren Amendment standards to the payments at issue here.

III.

We conclude that the district court erred in treating the claim presented in HCMF's motion to amend as merely a reiteration of the claim the court had previously rejected. However, because we determine that HCMF's motion to amend was futile, we affirm the decision of the district court to deny the motion. In light of this

disposition, we express no opinion about the meaning of the HCFA letter or the agency's authority to issue it.[3]

*AFFIRMED*

---

[3]HCMF also claimed that DMAS' reimbursement decision violated HCMF's equal protection rights because the decision was arbitrary and irrational. The district court granted summary judgment for DMAS on this claim because the court determined that there was a rational basis underlying DMAS' reimbursement decision. *See HCMF Corp. v. Allen*, 85 F. Supp. 2d 643, 648 (W.D. Va. 2000). Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument, we affirm this ruling.